ALBANY,
Feb. 1827.

Hamilton
v.
Eaton.

THE OVERSEERS OF THE POOR OF THE TOWN OF HAMIL-
TON *against* THE OVERSEERS OF THE POOR OF THE
TOWN OF EATON.

An indenture binding an infant pauper, executed by only one overseer of the poor of a town, though with the assent of two justices; and the binding be to another overseer, &c. of the same town, is defective; but is not void. It is voidable only; and if there be a complete service under it, the servant, thereby gains a settlement.

ON certiorari to the general sessions of the peace of the county of *Madison*.

Two justices made an order to remove one *Elizabeth Watson* from the town of *Hamilton*, to the town of *Eaton*, in *Madison* county; and she was removed accordingly. On appeal by the overseers of *Eaton*, to the general sessions of *Madison*, that court quashed the order; whence the overseers of *Hamilton*, brought a certioarri to this court. The facts on which the decision of the sessions was founded, are stated in the opinion of this court.

*I. Foote*, for the plaintiffs in error, cited 1 *R. L.* 270, *s.* 2; *id.* 136, *s.* 4 and 5; *id.* 138; 5 *Cowen*, 367; 8 *T. R.* 379; 4 *T. R.* 769, 790; 3 *T. R.* 380; *Reeve's Dom. Rel.* 341, *and the cases there cited;* 1 *Bl. Com.* 452, 3; 1 *Salk.* 68.

*P. Gridley*, contra, cited 1 *R. L.* 279; 5 *Cowen*, 527; 13 *John.* 245; 5 *Cowen*, 363.

*Curia, per* WOODWORTH, J.   The pauper was bound an apprentice to *Fuller*, one of the overseers of the poor of the town *Hamilton*; and served the full term. *Maynard*, the other overseer of that town, executed the indenture. Two justices were present and approved. *Fuller* never executed it. It was left in the possession of *Maynard*, who testified that it was regular; but could not be found on search. The parol evidence was admissible; but the binding was defective; the act, (1 *R. L.* 136,) declaring that the overseers of the poor, with the consent of any two justices, may bind out any child who is chargeable.

The binding, however, was not absolutely void; but voidable by the parties. It has had its effect between

them. Neither party has chosen to take advantage of the defect; and it cannot be done by a third person. The town has had the benefit of the service, and cannot object. (*Burr. Set. Cas. No.* 28, *p.* 91.) The same principle is recognized in *Hudson* v. *Taghkanac,* (13 *John.* 245.) There the mother bound the child, her husband being alive; and it was held, that the town could not take advantage of the defect. (*Owasco* v. *Oswegatchie,* 5 *Cowen,* 527, *S. P.*)

The cases in which it has been held that a settlement could not be gained under an indenture not stamped, were decided on the words of the statute, 5 *W.* & *M. c.* 21, which says the indenture shall not be given in evidence, or available in any court. (*Burr. Set. Cas.* 199.) The order of the general sessions must be affirmed.

Order affirmed.